FILED
2015 Sep-28 PM 02:38
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| SAN FRANCISCO RESIDENCE CLUB, INC.; THOMAS O'SHEA, as Trustee of the Trust of Thomas and Anne O'Shea; ANNE O'SHEA, as Trustee of the Trust of Thomas and Anne O'Shea; KATE LARKIN DONAHUE; TAK TECH POINT, L.L.C.; KKA CAS, L.L.C.; GRANDVIEW CREDIT, L.L.C., ) ) ) ) ) ) ) ) | |
| Plaintiffs, ) ) | CASE NO. 2:13-CV-0951-SLB |
| vs. ) ) | |
| LEADER, BULSO & NOLAN, P.L.C.; EUGENE N. "GINO" BULSO, ) ) ) | |
| Defendants. ) | |
| LEADER, BULSO & NOLAN, P.L.C.; EUGENE N. "GINO" BULSO, ) ) ) | |
| Counter Claimants, ) ) | |
| vs. ) ) | |
| SAN FRANCISCO RESIDENCE CLUB, INC.; THOMAS O'SHEA, as Trustee of the Trust of Thomas and Anne O'Shea; ANNE O'SHEA, as Trustee of the Trust of Thomas and Anne O'Shea; KATE LARKIN DONAHUE; TAK TECH POINT, L.L.C.; KKA CAS, L.L.C.; GRANDVIEW CREDIT, L.L.C., ) ) ) ) ) ) ) ) ) | |
| Counter Defendants. ) | |

**MEMORANDUM OPINION**

This case is presently pending before the court on defendants'/counter claimants' Motion for Summary Judgment.  (Doc. 51.)[1]  Defendants ask the court to enter judgment against plaintiffs on defendants' counterclaim based on unpaid attorneys' fees and expenses incurred in connection with the *Whites Sands* litigation in Hawaii.  (*Id*.) Because the counterclaim was severed from this action, the Motion for Summary Judgment will be denied as moot.

On September 8, 2014, this court held "plaintiffs' claims *and* defendants' counterclaim should be severed, and *all claims and counterclaims should be asserted in separate actions based on the underlying litigation*," and granted defendants' Motion for Entry of Order on Severance and Repleading. (Doc. 44 at 2 [emphasis added].)  The court ordered plaintiffs to refile their claims in four separate cases:  (1)  "All claims related to any alleged legal malpractice, conversion, or over-billing . . . related to defendants' representation of plaintiffs in *San Francisco Residence Club et al. v. Baswell-Guthrie, et al.*;" (2) "All claims related to any alleged legal malpractice, conversion, or over-billing . . . related to defendants' representation of plaintiffs in *San Francisco Residence Club, Inc. et al v. Park Tower, LLC*;" (3) "All claims related to any alleged legal malpractice, breach of contract, breach of fiduciary [duty], or over-billing related to defendants' representation of plaintiffs in litigation occurring outside the state of Alabama;" and (4)

---

[1]Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

2

"All claims arising under the California Elder Abuse and Dependent Adult Civil Protection Act." (*Id*. at 2-3.) Plaintiffs refiled their claims in three cases: (1) *San Francisco Residence Club Inc et al v. Leader Bulso & Nolan,* Case No. 2:14-CV-01953-SLB, alleging claims arising from defendants' representation of plaintiffs in *San Francisco Residence Club, Inc. v. Park Tower, LLC*, Case No. 5:08-CV-01423-AKK [*Park Tower* litigation]; (2) *San Francisco Residence Club Inc. v. Leader Bulso & Nolan*, Case No. 2:14-CV-01954-SLB, alleging claims arising from defendants' representation of plaintiffs in *San Francisco Residence Club et al. v. Baswell-Guthrie, et al.*, Case No. 5:09-CV-00421-CLS [*Baswell-Guthrie* litigation]; and (3) *O'Shea, et al. v. Leader Bulso & Nolan PLC et al*, Case No. 2:14-CV-01955-SLB, alleging violations of Elder Abuse and Dependent Adult Civil Protection Act, [Elder-Abuse complaint]. Plaintiffs did not replead their claims based on "any alleged legal malpractice, breach of contract, breach of fiduciary [duty], or over-billing related to defendants' representation of plaintiffs in litigation occurring outside the state of Alabama," except to the extent such claims are including in the Elder-Abuse complaint filed by Thomas O'Shea.

In response to plaintiffs' Elder-Abuse complaint, defendants asserted a counterclaim alleging unpaid legal fees and expenses incurred in connection to the *Baswell-Guthrie* litigation, the *Park Tower* litigation, and the *White Sands* litigation. See Case No. 2:14-CV-1955, doc. 4 at 11, ¶ 7. In its Motion for Summary Judgment in the instant action, defendants seek the unpaid attorneys' fees and expenses incurred in connection to the *White Sands* litigation. (Doc. 51.)

Defendants have moved for summary judgment on their counterclaim for unpaid attorneys' fees and expenses incurred in the *White Sands* litigation, which they contend is still pending in the instant action. Plaintiffs did not file a separate claim alleging wrongdoing with regard to the *White Sands* or California litigation. Nevertheless, defendants have asserted their claim for unpaid fees incurred in the *White Sands* litigation as a counterclaim in the Elder-Abuse complaint filed by Thomas O'Shea. Indeed, contrary to the court's order,[2] defendants' counterclaim in that case includes claims for unpaid fees and expenses in the *White Sands* litigation as well as the *Baswell-Guthrie* and *Park Tower* litigations. *See O'Shea v. Leader Bulso & Nolan*, Case No. 2:-14-CV-1955-SLB, doc. 4 at 11, ¶ 7.

The court's Order required all the claims and counterclaims in this case to be refiled in separate cases. No claim or counterclaim remains pending in the instant action. Although plaintiffs did not refile their claims based on wrongdoing in the California and Hawaii actions, defendants have asserted their counterclaim regarding unpaid fees and expenses from the Hawaii *White Sands* litigation in response to the Elder-Abuse complaint. Nevertheless, assuming defendants have not waived their counterclaims in the instant action,[3] the court's prior order severing the claims **and**

---

[2]The court's Order granting defendants' Motion for Entry of Order on Severance and Repleading, states, "the court concludes that plaintiffs' claims **and defendants' counterclaim** should be severed, and all claims **and counterclaims** should be asserted in separate actions based on the underlying litigation." (Doc. 44 at 2.)

[3]The court notes that defendants did not replead their counterclaims in their "Answer of Defendants Leader, Bulso & Nolan, PLC and Eugene N. Bulso, Jr. to Plaintiffs' Second Amended Complaint, (doc. 25), except to state, as an "affirmative and additional defense." that "Leader, Bulso,

4

counterclaims required such counterclaims to be filed in the severed actions and indeed, defendants/counter claimants have filed a counterclaim in the Elder-Abuse complaint seeking the alleged unpaid attorneys' fees and expenses incurred in connection the *White Sands* litigation.

Therefore, defendants'/counter claimant's Motion for Summary Judgment, seeking judgment in their favor as to alleged unpaid legal fees and expenses incurred in the *White Sands* litigation, will be denied as moot. Their counterclaim seeking unpaid fees from the *White Sands* litigation remains pending in *O'Shea v. Leader Bulso & Nolan PLC*, Case No. 2:-14-CV-1955-SLB.[4]

Also, to the extent plaintiffs' claims of "legal malpractice, breach of contract, breach of fiduciary [duty], or over-billing related to defendants' representation of plaintiffs in litigation occurring outside the state of Alabama," have not been plead in a separate action, they will be dismissed without prejudice.

## **CONCLUSION**

For the foregoing reasons, the court is of the opinion that defendants/counter claimants are not entitled to judgment as a matter of law on their counterclaim in this action. An Order denying as moot defendants/counter claimants' Motion for Summary Judgment, (doc. 51), and dismissing all

---

& Nolan, P.L.C. adopts and re-alleges its Counterclaim as stated in its previously-filed Answer of Defendants Leader, Bulso, & Nolan, P.L.C. and Eugene N. Bulso, Jr. and Counterclaim of Leader, Bulso, & Nolan, P.L.C. as if stated fully herein," (*id*. at 13, ¶ 30).

[4]Defendants may move to join additional parties to its counterclaim pursuant to Fed. R. Civ. P. 19 or 20. *See* Fed. R. Civ., P. 13(h)("Rules 19 and 20 govern the addition of a person as a party to a counterclaim or crossclaim.").

claims and counterclaims according to the court's Order, (doc. 44), will be entered contemporaneously with this Memorandum Opinion.

    **DONE** this 28th day of September, 2015.

                                                /s/ Sharon Lovelace Blackburn
                                                SHARON LOVELACE BLACKBURN
                                                SENIOR UNITED STATES DISTRICT JUDGE